I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:          DATE:    DEPUTY CLERK:

Michael Sahakian  7/21/16 N. Boehme

O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MICHAEL SAHAKIAN,<br><br>            Plaintiff,<br><br>         v.<br><br>CITY OF GLENDALE, et al.,<br><br>            Defendants. | Case No. CV16-04204-JFW (DFM)<br><br>MEMORANDUM AND ORDER<br>DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

## I.

## BACKGROUND

On June 13, 2016, Plaintiff Michael Sahakian ("Sahakian" or "Plaintiff") filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1 ("Complaint"). The Complaint names the following persons and entities as defendants, all in their official capacity: (1) City of Glendale; (2) Glendale Police Department ("GPD"); (3) "Does 1 through 25." Complaint at 2-3.

In accordance with 28 U.S.C. § 1915(e)(2), the Court must screen the Complaint for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks

monetary relief against a defendant who is immune from such relief.

## II.

## SUMMARY OF ALLEGATIONS AND CLAIMS

Sahakian alleges the following:

At 6:30 p.m. on June 11, 2014, "a few" police officers attacked him while he was standing outside of a 76 gas station. Complaint at 6. The police accused him of throwing a bicycle at the gas station window, but the police reports leading to his arrest were forged and created in retaliation for a lawsuit he had previously filed against the City of Glendale. Id. Video footage from the gas station would show that he was framed for the crime. Id.

Sahakian was arrested and transported to the GPD, where he was held until 11:40 p.m. Id. at 5. At the police department, he was accused of being under the influence of drugs and a police officer made a racist joke about his Armenian nationality. Id. at 6.

At 11:40 p.m., Sahakian was transported to Glendale Memorial Hospital's Emergency Room for blood work and other injuries. Id. at 5. While he was at the hospital, he was attacked by "a few" Glendale police officers. Id. Glendale fire department and paramedic officials intervened and halted the attack. Id. at 6. The incident was captured on hospital video footage. Id. Sahakian received head trauma with a visible bruise. Id.

Sahakian was booked into the Twin Towers Correctional Jail House on June 12 in the morning. Id. He was placed in a mental ward for three days, per the police department's request. Id. Sahakian remained in that jail for seven or eight more months until the criminal charges against him were dropped. Id. According to Sahakian, the Glendale District Attorney tried to conceal the exculpatory video footage from the 76 gas station. Id.

Sahakian claims that as a result of the head trauma, he suffered from seizures and had to be hospitalized at Glendale Adventist for almost three

days. Id. at 7. He also claims that the GPD accused him of violating a restraining order brought by his neighbors, a restraining order orchestrated by a criminal investigator who had been harassing Sahakian for years. Id.

In his Complaint, Sahakian cites: the Fourth Amendment (excessive force); the Fourteenth Amendment; false imprisonment; fraud under California Civil Code section 3294; California Government code 815.2, California Civil Code section 43; California Constitution Article 1, section 13; and racial discrimination, harassment, and retaliation under the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981.[1] Complaint at 4. Sahakian also cites Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658 (1978). Id.

## III.

## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

---

[1] Sahakian also cites California Civil Code section 3333 (Complaint at 4), which simply states: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

3

<u>Neitzke v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is

4

clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## IV.

## DISCUSSION

42 U.S.C. § 1983 provides a method by which individuals can sue for violations of their federal rights. Cortez v. Cty. of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2002). To state a claim under § 1983, a plaintiff must allege that the violation was committed by a "person" acting under the color of State law. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The other requisite element is that a right secured by the Constitution or laws of the United States was violated. Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

**A.   The Complaint Fails to State a Claim against the Glendale Police Department**

Sahakian brings suit not only against the City of Glendale but its municipal department, the GPD. Municipal departments are not appropriate defendants in a § 1983 suit. Only "persons" may be sued under that statute, and "persons" encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities. Vance v. County of Santa Clara, 928 F. Supp. 993, 995–996 (N.D. Cal. 1996). "Persons" do not include municipal departments. Id. Naming a municipal department as a defendant is therefore

5

not an appropriate means of pleading a § 1983 action against a municipality. See United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of Section 1983."). Sahakian's claims against the GPD are therefore  subject to dismissal.

**B.    The Complaint Fails to State a Claim against the City of Glendale**

A local government entity such as the City of Glendale "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. Thus, the City of Glendale may not be held liable for the alleged actions of its deputies or other agents unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels. Id. at 690-91.

Here, Sahakian has failed to identify any policy statements or regulations of the City of Glendale, or any officially adopted or promulgated decisions, the execution of which inflicted the alleged injuries. Moreover, Sahakian has failed to allege sufficient facts for the court to "draw the reasonable inference" that the City of Glendale has a governmental custom of using excessive force or committing any other of the illegal acts alleged. The Court therefore concludes that Sahakian has failed to allege sufficient facts for the Court to "draw the reasonable inference" that the City of Glendale has a governmental custom of engaging in the kind of illegal conduct that Sahakian

is alleging occurred here. <u>See, e.g.</u>, <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); <u>Thompson v. Los Angeles</u>, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), overruled on other grounds, <u>Bull v. City & Cnty. of S.F.</u>, 595 F.3d 964, 981 (9th Cir. 2010) (en banc).  Accordingly, the Complaint fails to state a claim against the City of Glendale.

**C.**   **<u>Sahakian's Claims against the Individual John Doe Defendants Fail</u>**

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985); <u>see also</u> <u>Brandon v. Holt</u>, 469 U.S. 464, 471-72 (1985); <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991). Here, it appears that the John Doe Defendants are officers or agents of the City of Glendale. Therefore, all of Sahakian's claims against the individual defendants in their official capacity are tantamount to claims against the City of Glendale. As discussed above, Sahakian has alleged no unconstitutional policy. Instead, Sahakian alleges a series of claims that involve the individual defendants in their personal capacity. While Sahakian may be able to state a claim against these officers in their individual capacity, the Complaint fails to state a claim against the John Doe individual defendants in their official capacity.

**V.**

**CONCLUSION**

Because Sahakian's official-capacity claims against the GPD, and the City of Glendale, and the individual John Doe defendants all fail to state a

claim upon which relief may be granted, the Complaint is subject to dismissal. Because it is not absolutely clear that at least some of these pleading deficiencies cannot be cured by amendment, this dismissal will be with leave to amend. Accordingly, if Sahakian still desires to pursue his claims, he shall file a First Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. It should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: July 21, 2016

DOUGLAS F. McCORMICK
United States Magistrate Judge

8